# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-518V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANGELA WESSINGER, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed:  May 30, 2024 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Angela Wessinger filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged she suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 9, 2018. First Amended Petition (ECF No. 16) at 1, 11. I dismissed the claim after briefing, and that determination was not appealed. *See* Decision, dated Oct. 23, 2023 (ECF No. 35).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 17, 2024 (ECF No. 39) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $72,155.78 (representing $67,418.50 in attorney's fees, plus $4,737.28 in costs) for the work performed by the attorneys and paralegals at Turning Point

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Litigation. Mot. at 1; ECF No. 39-1 at 20. Respondent reacted to the fees request on May 20, 2024. *See* Response, dated May 20, 2024 (ECF No. 40) ("Resp."). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner filed a reply, concurring with Respondent's recommendation and requesting that I exercise the discretion afforded to me in determining a reasonable award for attorney's fees and costs in this matter. Reply, dated May 20, 2024 (ECF No. 41).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$72,155.78**.

## ANALYSIS

### I.   Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find that there was sufficient objective basis to entitle her to a fees and costs award. Even though Petitioner could not meet the Table elements of a SIRVA, there was record evidence that Petitioner had experienced a variety of symptoms after the relevant vaccination, and the nature of the injury was reasonably contested. (In fact, it appeared from the record a non-Table claim, based on a possible neurologic injury different from SIRVA, could be maintained, but Petitioner opted not to so proceed). Thus, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| **L. Cooper Harrell (Attorney)** | -- | -- | $430.00 | $460.00 | $510.00 |
| **Hillary Kies (Attorney)** | -- | -- | $370.00 | $390.00 | $410.00 |
| **Nancy Meyers (Attorney)** | $400.00 | $430.00 | $460.00 | $490.00 | $530.00 |
| **Tyler Nullmeyer (Attorney)** | -- | -- | $275.00 | $295.00 | $315.00 |
| **Taylor Barrett (Paralegal)** | $150.00 | $155.00 | $160.00 | $165.00 | $180.00 |
| **Lisa Hobbs (Paralegal)** | $150.00 | $155.00 | -- | -- | -- |
| **Janelle Tharp (Paralegal)** | -- | -- | $160.00 | $165.00 | $180.00 |

ECF No. 39-1 at 1.

The attorneys at Turning Point Litigation practice in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Stone v. Sec'y of Health & Hum. Servs.*, No. 18-634V, 2023 WL 8895692 (Fed. Cl. Spec. Mstr. Nov. 29, 2023). The rates requested for the attorneys and paralegals of Turning Point Litigation are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *Pappas v. Sec'y of Health & Hum. Servs.*, No. 21-1690V, slip op. at 3 (Fed. Cl. Spec. Mstr. May 13, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node2914 (last visited May 30, 2024).

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $4,737.28 in outstanding litigation costs, including the filing fee, medical record retrieval costs, mailing and photocopying costs, and costs associated with a single expert, Justin Willer, M.D. ECF No. 39-1 at 44–45. Dr. Willer submitted an invoice reflecting a retainer fee for a total amount of $3,100.00 charged to the matter. Although it is not immediately evident that this expert input was needed for the claim's resolution, the amount billed was reasonable, and I am presented with no other reason to deny this expert-associated cost. Accordingly, all requested costs will be awarded.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$72,155.78**, reflecting $67,418.50 in attorney's fees and $4,737.28 in costs in the form of a check made jointly payable to Petitioner and her attorney, Nancy Meyers of Turning Point Litigation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.